UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:14-CV-277-FDW

| | |
|---|---|
| DENNIS VAN DYKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| U.S. PROBATION OFFICE, ) | |
| US. DISTRICT COURT ) | |
| OF NORTH CAROLINA ) | |
| WESTERN, ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on an initial review of the pro se civil rights complaint filed by Plaintiff pursuant to 42 U.S.C. § 1983. For the reasons that follow, this action will be dismissed.

In his § 1983 complaint, Plaintiff alleges that an unnamed probation officer has wrongfully denied him over four months of credit toward his term of federal probation. (Doc. No. 1 at 3). Plaintiff contends that this alleged action violates his right to be free from Double Jeopardy. In his prayer for relief, Plaintiff seeks compensatory damages for the 52 days he was allegedly confined in violation of the law and for the four months and ten days of credit he contends that the unnamed probation officer denied him. Plaintiff also seeks immediate release on grounds of Double Jeopardy.

The Federal Bureau of Prisons website indicates that Plaintiff was released from federal prison on March 18, 2011 (Register Number: 15740-058). According to the website of the North Carolina Department of Public Safety, Plaintiff was convicted in Rutherford County Superior Court on November 7, 2013, in this district on a Class E felony charge of assault on a law

1

enforcement officer, speeding to elude arrest, driving while license revoked, and a vehicle registration violation. Plaintiff is presently housed in the Avery-Mitchell Correctional Institution and his projected release date is September 27, 2016. (North Carolina Offender Number: 0525477).

Plaintiff's complaint will be dismissed for two reasons. First, he does not name any defendant that is amenable to suit. Moreover, an unnamed probation officer would have no authority to unilaterally extend a period of federal probation. In the event Plaintiff is dissatisfied with the alleged actions of an unnamed probation officer he may file a petition for review in his federal criminal case.

Second, Plaintiff has filed over 15 complaints under § 1983 while a prisoner and at least three – and well more than that in fact, have been dismissed for failure to state a claim or as being frivolous under 28 U.S.C. § 1915A(b)(1), and in at least three of those cases Plaintiff applied to proceed *in forma pauperis*. See, e.g., Vandyke v. Butner Regional, et al., No. 1:12-cv-149-RJC (W.D.N.C., Order filed July 2, 2012) (citing cases).

The Prisoner Litigation Reform Act (PLRA) provides an express limitation on a prisoner's ability to file a § 1983 complaint, or other civil action, providing in pertinent part that,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Plaintiff has stated no claim that he is in imminent physical danger therefore this action will be dismissed.

**IT IS, THEREFORE, ORDERED** that Plaintiff's application to proceed *in*

*forma pauperis* is **DENIED**. (Doc. No. 2).

       **IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

       The Clerk of Court is respectfully directed to close this civil case.

       **IT IS SO ORDERED.**

Signed: November 14, 2014

Frank D. Whitney
Chief United States District Judge